### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAMUEL PATRICK CAIN, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-23-01150-PRW |
| ) | |
| CARRIE BRIDGES, ) | |
| ) | |
| Respondent. ) | |

### **ORDER**

Before the Court is United States Magistrate Judge Amanda Maxfield Green's Report and Recommendation (Dkt. 15), in which she recommends that the Court deny pro se Petitioner Samuel Patrick Cain, Jr.'s Petition for Writ of Habeas Corpus (Dkt. 1). Cain did not timely object. For the reasons given below, the Court **ADOPTS** Judge Green's Report and Recommendation and **DENIES** the Petition (Dkt. 1).

As a preliminary matter, on February 3, 2025, Cain filed a motion to dismiss his Petition (Dkt. 16), which he subsequently moved to withdraw (Dkt. 17). Because Respondent filed its response on July 30, 2024, Plaintiff's motion to dismiss is governed by Federal Rule of Civil Procedure 41(a)(2) and is not a self-executing Rule 41(a)(1)(i) dismissal.[1] Respondent did not respond to the motion to withdraw.[2] Accordingly, the Court

---

[1] *Reeves v. Braggs*, No. CIV-19-602-F, 2020 WL 8872292, at *1 (W.D. Okla. Apr. 28, 2020) (citing *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993)).

[2] LCvR7.1(g) ("Any motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed).

1

**GRANTS** the motion to withdraw (Dkt. 17) and **WITHDRAWS** Cain's Motion to Dismiss (Dkt. 16).

Turning now to the Report and Recommendation, Judge Green advised Cain that he had until February 4, 2025, to raise any objections. She warned him that failure to make timely objection to the Report and Recommendation would waive his right to appellate review. Cain did not move for an extension. On March 6, 2025, the Court received Cain's Objection, which is postmarked March 4, 2025.[3] Nothing in the record indicates that Cain deposited the Objection into the appropriate prison mailing system on or before February 4, 2025, so the prisoner mailbox rule does not render his Objection timely.[4]

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[5] An objection is "proper" if it is both timely and specific.[6] Cain's Objection is not timely, therefore it is not proper. The Tenth Circuit has adopted a "firm waiver rule," which "provides that a party's failure to file a timely objection to a magistrate judge's recommended decision waives appellate review of both factual and legal determinations."[7] The firm waiver rule does not apply "when (1) a pro se

---

[3] *See* Dkt. 18-2.

[4] *See Lockaby v. Young*, 42 F. App'x 313, 318 (10th Cir. 2002).

[5] Fed. R. Civ. P. 72(b)(3).

[6] *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[7] *Schrader v. Fred A. Ray, M.D., P.C.*, 296 F.3d 968, 975 (10th Cir. 2002) (citation omitted).

litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review."[8]

Neither exception applies here. Judge Green informed Cain of the relevant time period and consequences. And Cain has not shown that the interests of justice require review. Relevant factors in determining whether the interests of justice require review include a "pro se litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised."[9] Nothing in the record shows that Cain took any efforts to comply with the deadline, and he offers no explanation for the tardiness of his objection. As to the importance of the issues raised, the Tenth Circuit has said that "in many respects, the interests of justice analysis we have developed, which expressly includes review of a litigant's unobjected-to substantive claims on the merits, is similar to reviewing for plain error."[10]

The Court thus reviews the Report and Recommendation to confirm that there is no plain error on the face of the record.[11] Finding none, the Court agrees with Judge Green's analysis and conclusions. Accordingly, the Court **ADOPTS** the Report and Recommendation (Dkt. 15) in full and **DENIES** the Petition (Dkt. 1).

---

[8] *Duffield v. Jackson*, 545 F.3d 1234, 1287 (10th Cir. 2008) (citation and internal quotation marks omitted).

[9] *Id.* at 1238.

[10] *Id.*

[11] *Summers v. State of Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. The requirement of Section 2253(c)(1) to obtain a certificate of appealability also applies when a state habeas petitioner is proceeding under Section 2241.[12] A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."[13]

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.[14]

Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED** this 29th day of April 2025.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[12] *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

[13] 28 U.S.C. § 2253(c)(2).

[14] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

4